990 So.2d 573 (2008)
James Tyrone ROBERTS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1442.
District Court of Appeal of Florida, Third District.
July 16, 2008.
Rehearing and Rehearing En Banc Denied September 10, 2008.
James Tyrone Roberts, in proper person.
Bill McCollum, Attorney General, for appellee.
Before COPE, RAMIREZ, and WELLS, JJ.
PER CURIAM.
Affirmed.
COPE, J. (concurring).
This is an appeal of an order denying two motions to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The motions now before us are the third and fourth 3.800(a) motions filed by defendant-appellant James Tyrone Roberts.
The State filed an erroneous response in the trial court, in which it urged the trial court to deny these two motions as being impermissibly successive. Relying on that erroneous State response, the trial court denied the motions solely for being successive.
Rule 3.800(a) does not bar successive motions. State v. McBride, 848 So.2d 287, 290 (Fla.2003) ("Florida courts have held, and we agree, that the phrase `at any time' allows defendants to file successive motions under rule 3.800.").
Instead, the question is whether the doctrine of collateral estoppel bars any or all of the claims filed in a successive motion. "Collateral estoppel ... precludes a defendant from rearguing in a successive rule 3.800 motion the same issue argued in a prior motion." Id. at 291.
In 2006, the defendant filed an Amendment to Motion to Correct Illegal Sentence which was treated as a second rule 3.800(a) motion. It challenged the imposition of his twenty-five year mandatory minimum sentence under the ten-twenty-life law. The denial of that motion was affirmed on the merits by this court. Roberts v. State, 963 So.2d 849 (Fla. 3d DCA 2007). To the extent that the defendant has raised that issue in the motions now before us, the claim is barred by collateral estoppel.
The defendant's remaining claims are not barred by collateral estoppel, but are without merit. Therefore I concur in the affirmance.