# Third District Court of Appeal

## State of Florida

Opinion filed December 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0860
Lower Tribunal No. F00-11088C
_____

**James Roberts,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

MHK Legal, PLLC, and Mark H. Klein (Coral Springs), for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before LOGUE, SCALES, and LINDSEY, JJ.

LINDSEY, J.

James Tyrone Roberts appeals from a summary denial of his motion to correct an illegal sentence. The trial court denied his motion because it "rais[ed] the same exact claims upon the same exact grounds . . . remains successive, and constitutes similar claims previously raised in more than one motion." Pursuant to Florida Rule of Criminal Procedure 3.800(a)(2):

> A court may dismiss a second or successive motion if the court finds that the motion fails to allege new or different grounds for relief and the prior determination was on the merits. When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court's ruling must accompany the order dismissing the motion.

We agree with the trial court that that Appellant's motion sought review of an issue already decided on the merits. And because the trial court provided the files and record to support its ruling, we affirm. See Roberts v. State, 107 So. 3d 421 (Fla. 3d DCA 2013); Roberts v. State, 60 So. 3d 402 (Fla. 3d DCA 2011); Roberts v. State, 990 So. 2d 573 (Fla. 3d DCA 2008); Roberts v. State, 963 So. 2d 849 (Fla. 3d DCA 2007); Roberts v. State, 903 So. 2d 944 (Fla. 3d DCA 2005); Roberts v. State., 990 So. 2d 573, 573 (Fla. 3d DCA 2008) (Cope, J., concurring) ("In 2006, the defendant filed an Amendment to Motion to Correct Illegal Sentence which was treated as a second rule 3.800(a) motion. It challenged the imposition of his twenty-five year mandatory minimum sentence under the ten-twenty-life law. The denial

of that motion was affirmed on the merits by this court. <u>Roberts v. State</u>, 963 So. 2d 849 (Fla. 3d DCA 2007).").  Additionally, we find that Appellant's underlying claim is legally insufficient.

Affirmed.